UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


BONNIE SMITH, ET AL.                                          PLAINTIFFS


VS.                                       CIVIL ACTION NO. 4:05CV98LR


FIRST FAMILY FINANCIAL SERVICES, INC.,
ET AL.                                                       DEFENDANTS


MEMORANDUM OPINION AND ORDER

     Defendant First Family Financial Services, Inc. (First
Family) has filed separate motions (1) to compel arbitration of
the claims of plaintiffs Bonnie Smith, James Smith and Gary
Trimble; (2) to dismiss the claims of plaintiff Florence McGowan
for failure to comply with order dated May 6, 2003; and (3) for
summary judgment as to the claims of the remaining plaintiffs,
namely, Barbara Evans Quinn, Alneder Petty, Berdine H. Rambus,
Eliza Tallie and Barbara Williams.  Defendants American Security
Insurance Company and Union Security Life Insurance Company have
joined in First Family's motion to dismiss the claims of Florence
McGowan and have filed their own separate motion for summary
judgment as to the claims of all plaintiffs.  With the exception
of the motion as to plaintiff McGowan, who is no longer
represented by the remaining plaintiffs' counsel, plaintiffs have
filed responses to defendants' motions, though with reference to
the summary judgment motions, they have also requested that the

court stay ruling until such time as plaintiffs have had an
opportunity for discovery, including most particularly an
opportunity to depose each of the defendants' corporate
representatives pursuant to Federal Rule of Civil Procedure
30(b)(6), and a chance to supplement their response with any
pertinent materials gained through discovery.  There is also
pending a related application by defendants for review of the
magistrate judge's April 24, 2006 ruling denying defendants'
motion for protective order by which defendants sought to postpone
defendants' representatives' depositions until this court has
ruled on defendants' pending dispositive motions.  The court
considers each of these motions herein.

Nine plaintiffs filed suit in the Circuit Court of Noxubee
County on November 14, 2002 against First Family, American
Security, Union Security and eight resident employees/agents of
First Family, complaining of alleged wrongs committed in
connection with certain loan transactions.  In particular,
plaintiffs complained that defendants required various credit
insurance products in connection with the loans, representing them
to be a necessary part of the loan package, and charged inflated
premiums for inadequate coverage, as well as charged exorbitant
rates on the amounts financed, and then flipped or churned the
loans to increase the cost of borrowing.

2

The case was removed on the basis of diversity jurisdiction, and defendants have now filed various dispositive motions as to the claims of all the plaintiffs.[1]

First Family's Motion to Compel Arbitration

First Family seeks to compel arbitration of the claims asserted against it herein by Bonnie Smith, James Smith and Gary Trimble based on arbitration agreements executed by each in connection with the loan transactions that are the subject of these plaintiffs' complaint.  First Family has presented evidence that the Smiths each signed an arbitration agreement pursuant to which they agreed to arbitrate "all claims and disputes" between them and First Family, "arising out of, in connection with, or relating to," among other things, any and all loans from First Family, all documents relating to any loans, any insurance purchased in connection with any loan, any claim or dispute based on an allegation of fraud or misrepresentation, and any claim or dispute based on an alleged tort.  It has further presented evidence that Gary Trimble signed an arbitration agreement

---

[1]    In March 2003, while the case was still pending in state court, plaintiffs dismissed the resident defendants from the suit, and defendants removed the case based on diversity jurisdiction in March 2003.  Although the court remanded the case, upon finding the $75,000 amount in controversy for diversity jurisdiction was not satisfied, the case was again removed and a motion to remand denied after one of the plaintiffs provided deposition testimony that supported finding an amount in controversy in excess of $75,000.

3

providing that "all disputes between borrower" and First Family "will be resolved by mandatory, binding arbitration," and defining "[a] claim" to include, among other things, "anything related to" the note, the arbitration agreement, any credit transaction, any insurance product offered or purchased in connection with any credit transaction, any action or omission by either party, and fraud or misrepresentation, including claims for failing to disclose material facts.  In response to the motion, these plaintiffs do not deny that they executed these agreements, nor do they (or could they reasonably) dispute First Family's assertion that their claims in this lawsuit fall squarely within the scope of the arbitration provisions.  Instead, they argue that because American Security and Union Security have chosen not to seek arbitration of these plaintiffs' claims against them, then the court should deny First Family's motion to compel arbitration because plaintiffs "wish to have both First Family and The Insurance

Companies both to be tried in either State Court or Federal Court."  However, this court cannot decline a party's motion to enforce a valid arbitration agreement simply because other parties to the agreement wish to litigate claims that they could insist on arbitrating.  As the Supreme Court has clearly held,

> [T]he Arbitration Act requires district courts to compel
> arbitration of pendent arbitrable claims when one of the
> parties files a motion to compel, even where the result
> would be the possibly inefficient maintenance of

4

separate proceedings in different forums. . . . By its
terms, the Act leaves no place for the exercise of
discretion by a district court, but instead mandates
that district courts shall direct the parties to proceed
to arbitration on issues as to which an arbitration
agreement has been signed.

Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 217-18 (1985).
The motion to compel arbitration of the claims of Bonnie Smith,
James Smith and Gary Trimble against First Family will therefore
be granted.

First Family's Motion to Dismiss the Claims of Florence McGowan

By order dated May 6, 2003, this Court allowed Bennie L.
Jones, Jr. to withdraw from representing plaintiff Florence
McGowan, and gave McGowan thirty days to notify the court in
writing that she had obtained new counsel or that she wished to
represent herself.  The order stated, "[s]hould Florence McGowan
fail to retain counsel or notify the clerk that she will represent
herself, this case will be subject to dismissal as to this
plaintiff."  As First Family points out in its motion, while the
record reflects that notice of the order was duly provided to
McGowan, she has not retained counsel or notified the clerk that
she will represent herself.  Neither has she responded to First
Family's motion and thus has offered no reason why her claims
ought not be dismissed.  Accordingly, her claims will be
dismissed.

First Family/Union Security/American Security
Motion for Summary Judgment

American Security and Union Security seek summary judgment on the claims of all plaintiffs, and First Family seeks summary judgment as to the claims of plaintiffs Barbara Evans Quinn, Alneder Petty, Berdine H. Rambus, Eliza Tallie and Barbara Williams on a number of bases, including that all their claims are time barred by the applicable three-year statute of limitations established by Mississippi Code Annotated § 15-1-49.

All the alleged tortious acts that are the subject of plaintiffs' complaint occurred in connection with specific loan transactions, the last of which occurred on April 28, 1998.  This date is thus the accrual date for the most recent of plaintiffs' claims.[2]  Boone v. Citigroup, Inc., 416 F.3d 382, 390 (5th Cir. 2005) (holding that virtually identical claims accrued on date of

---

[2]    The most recent loan was obtained by Eliza Talley, who got loans from First Family in December 1996 and April 1998.
    Barbara Evans Quinn obtained a loan in December 1997, and bought credit life and disability insurance; Alneder Petty has produced documentation for loans obtained in 1992 and 1993, in connection with which she purchased credit life, disability and property insurance; Berdine H. Rambus took out loans in April and December 1997, and bought credit life and credit disability insurance with both loans; Barbara Williams obtained five loans from 1994 to 1998, and purchased some form of credit insurance for some of those loans; Bonnie and James Smith obtained 11 loans from First Family from 1995 through 1998 and secured credit insurance in connection with most of the loans; and Gary Trimble took out 19 loans with First Family between 1985 and 1997, and obtained credit insurance from the defendant insurers on most of those loans.

loan origination).  See also Andrus, et al. v. Ellis, et al., 887
So. 2d 175, 180-82 (Miss. 2004) (same).  Because the complaint in
this cause was filed more than three years later, plaintiffs'
claims are time barred unless plaintiffs can establish a basis for
tolling of the limitations period, and they plainly cannot.

Plaintiffs offer two arguments in support of their position
that the statute of limitations was tolled, yet neither has merit.
Plaintiffs first contend that the statute of limitations was
tolled by virtue of a nationwide class action brought against
these defendants in California state court, Morales v. Citgroup,
Inc., et al., Case No. BC253013 (Cal. Sup. Ct.).  However, the
Morales case was filed more than three years after plaintiffs'
loan transactions and hence was filed after the limitations period
on plaintiffs' claims had already run.  Even if a class action
complaint could toll the running of the limitations period on the
claims herein, the Morales case cannot revive claims that have
already become time barred.  Cf. Fontenot v. Global Expertise in
Outsourcing, 2006 WL 663005, *1 (W.D. La. March 20, 2006) (holding
that "[e]quitably tolling the statute of limitations while [the
plaintiff] seeks an administrative remedy will not revive that
which has expired."); Lumpkin v. Coca-Cola Bottling Co. United,
Inc., 216 F.R.D. 380, 385 (S.D. Miss. 2003) (holding, in context
of deciding whether class action filed by single victim of
discrimination could revive claims of other class members whose

7

claims were time barred that "'a class action complaint cannot revive claims which were already time-barred when the original charge was filed'") (citations omitted).

By their pleadings, plaintiffs have also suggested fraudulent concealment as another basis for tolling, yet the evidence precludes resort to fraudulent concealment as a basis for avoiding the limitations bar.[3]  The Mississippi Supreme Court has been clear about what a plaintiff must show to avail himself of tolling via fraudulent concealment:  He must show "both (1) an affirmative act to conceal the underlying tortious conduct, and (2) a failure to discover the factual basis for the claims despite the exercise of due diligence."  Boone, 416 F.3d at 391 n.11 (citing Robinson v. Cobb, 763 So. 2d 883, 887 (Miss. 2000)).  Moreover, "[t]he affirmative act of concealment must have occurred after and apart from the discrete acts upon which the cause of action is premised."  Id. (citing Stephens v. Equitable Life Assur. Soc'y of the U.S., 850 So. 2d 78, 83-84 (Miss. 2003).

In this case, no plaintiff has identified any affirmative concealment by defendants following his or her loan

---

[3]    See Miss. Code Ann. § 15-1-67, which provides:
If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

transaction(s).  Furthermore, the evidence of record belies any claim of due diligence by plaintiffs.  Each plaintiff signed and was provided copies of loan documents which disclosed all the information that plaintiffs contend was concealed from them or misrepresented to them, and yet plaintiffs, though they had the ability to do so, never even read the documents.  Due diligence cannot be found under these circumstances, as numerous cases have held.  See, e.g., Boone, 416 F.3d at 391 (observing that appellants were not "even minimally duly diligent in the management of their affairs" where "none of them even bothered to read the written instruments at issue," and stating, "A person who fails to read his or her own loan and insurance contracts may not be characterized as having been duly diligent.").  See also Russell v. Performance Toyota, Inc., 826 So. 2d 719, 726 (Miss. 2002) ("In Mississippi, a person is charged with knowing the contents of any document that he executes.").

It is clear from the foregoing that plaintiffs have failed to create a genuine issue of material fact with regard to defendants' statute of limitations defense.  Plaintiffs, though, have requested the court to stay consideration of defendants' summary judgment motions so that plaintiffs may depose defendants' corporate representatives and thereafter supplement their responses if necessary.  However, plaintiffs have not suggested what defendants' representatives could testify to that could

possibly have any bearing on the statute of limitations issue at hand.  Although plaintiffs have not mentioned Rule 56(f) in connection with their stay request, that is the provision in the rules which establishes the mechanism by which a party may seek a continuance so that he may be able to secure needed evidentiary materials prior to responding to his opponent's summary judgment motion.  To obtain relief under that rule, the plaintiffs must show "both why [they are] currently unable to present evidence creating a genuine issue of fact and how a continuance would enable [them] to present such evidence.  [They] may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment." Access Telecom, Inc. v. MCI Telecomm. Corp., 197 F.3d 694, 719-20 (5th Cir. 1999) (internal citations and quotations omitted); Baker v. American Airlines, Inc., 430 F.3d 750, 756 (5th Cir. 2005) (quoting Access Telecom).  "Moreover, another criteria for relief under Rule 56(f) is that the movant must have exercised due diligence in discovery." Baker, 450 F.2d at 756 (citing Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 (5th Cir. 1992) ("[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth.")).  Plaintiffs here have made no effort to meet the requirements of the rule; they have merely pointed out that each of them has been deposed and argued that in fairness, they should be allowed to depose

10

defendants' corporate representatives.  They do not explain, and
it is not otherwise apparent, how the testimony of defendants'
representatives could create a genuine issue of fact on the
limitations issue where the issue comes down to whether plaintiffs
could establish fraudulent concealment.  Only the plaintiffs
themselves know whether any defendant did anything subsequent to
the transaction that could qualify as affirmative concealment, and
whether plaintiffs exercised the requisite diligence to discover
their claims involves evaluation of plaintiffs' own conduct and
not of anything defendants may or may not have done.  Furthermore,
it hardly seems that plaintiffs have been diligent in securing the
depositions they now claim they want.  The request to stay ruling
will therefore be denied.

     Based on the foregoing, it is ordered that (1) First Family's
motion to compel arbitration of the claims of Bonnie and James
Smith and Gray Trimble is granted; (2) American Security and Union
Security's motion for summary judgment as to the claims of the
Smiths and Trimble is granted; (3) Defendants' motion to dismiss
the claims of Florence McGowan is granted; (3) Defendants' motions
for summary judgment as to the remaining plaintiffs are granted;
(4) Plaintiff's motion to stay ruling on defendants' summary
judgment motions is denied; and (5) Defendants' application for
review of the magistrate judge's order denying their request for

protective order is moot, as are any other outstanding motions.

SO ORDERED this 23rd day of June, 2006.


/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE